UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA GUADALUPE MICHELSON,<br>           Plaintiff,<br>    v.<br>KILOLO KIJAKAZI,<br>           Defendant. | Case No. 22-cv-00238-AGT<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 14, 18 |

        Kilolo Kijakazi, the Acting Social Security Commissioner, admits that the ALJ decision on review "cannot be affirmed" because the ALJ "did not properly evaluate the medical opinion and prior administrative medical findings." Dkt. 18 at 4 n.2. In light of that admission, the Court remands this case to the Commissioner for further proceedings.

        The Court denies plaintiff's request to remand the case for an award of benefits. The record needs more development, and remand for an award of benefits is "inappropriate" when "not all essential factual issues have been resolved." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

        Specifically, not only does the ALJ need to reevaluate the medical opinion and administrative medical findings, but the ALJ needs to develop the record further to illuminate why plaintiff didn't seek treatment for long stretches in 2013 and 2014. The ALJ relied on that lack of treatment in discounting plaintiff's testimony about the severity and persistence of her symptoms. *See* ALJ Decision, AR 578 ("Logically, [if] the pain and symptoms were as debilitating as alleged, the claimant would have consistently sought treatment."). But as plaintiff notes, "[t]here are many reasons someone might have limited treatment," not all of which indicate that the treated conditions are not severe or persistent. Dkt. 14-1 at 14. When, as here, "there is

ambiguous evidence," the ALJ has a "duty to develop the record further." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

This isn't one of those "rare" cases where remand for an award of benefits is warranted, *Treichler*, 775 F.3d at 1103, but this does mark the second time the Commissioner has agreed to remand this case for further proceedings due to legal error. *See* AR 648–49 (prior stipulated remand). If the ALJ errors a third time, and the record is fully developed, the Court will be inclined to exercise its discretion to remand for an award of benefits, not for further proceedings once again. *See Lopez v. Astrue*, 497 F. App'x 717, 719 (9th Cir. 2012) ("Because this case has been remanded twice before, we see no point in giving the Commissioner a fourth opportunity to determine the claimant's eligibility. We reverse and remand for an award of benefits.").

Plaintiff's motion for summary judgment is granted, the Commissioner's motion for summary judgment is denied, the ALJ's October 19, 2021, decision denying benefits is vacated, and the case is remanded to the Commissioner for further proceedings.

**IT IS SO ORDERED.**

Dated: March 15, 2023

Alex G. Tse
United States Magistrate Judge